# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| RHONDA BOWER, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>vs.<br><br>P&B CAPITAL GROUP, LLC,<br><br>        Defendant. | Case No.: 16-cv-803<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Rhonda Bower is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes, namely a credit card debt.

5. Defendant P&B Capital Group, LLC ("P&B") is a foreign limited liability company with its principal place of business located at 369 Washington Street, Suite 100, Buffalo, New York 14203.

6. P&B is engaged in the business of a collection agency, using the telephone to collect consumer debts originally owed to others.

7. P&B is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. P&B is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8. On or about May 2, 2016, at 5:20 PM, P&B called Plaintiff's cellular telephone regarding an alleged debt, allegedly owed to Citibank.

9. The alleged debt that was the subject of P&B's telephone call on May 2, 2016, was a "Citi Preferred Card" credit card account.

10. Plaintiff opened and used her Citi Preferred Card account for personal, family or household purposes. Plaintiff did not open the account for business purposes.

11. Plaintiff did not answer the phone call from P&B, which went to voicemail.

12. P&B's employee left a voicemail message for Plaintiff. The voicemail message identified the caller as "Robert Powers," stated that the caller was "a debt collector for P&B Capital Group," and was calling about Plaintiff's "Citi Preferred Card."

13. Plaintiff received a second phone call from P&B on May 17, 2016, at 6:21 PM.

14. The call on May 17, 2016 also went to Plaintiff's voicemail.

15. P&B's employee left another voicemail message for Plaintiff. As with the May 2, 2016 phone call and voicemail, the May 17, 2016 voicemail message again identified the caller as "Robert Powers," stated that the caller was "a debt collector for P&B Capital Group," and was calling about Plaintiff's "Citi Preferred Card."

16. In fact, the voicemail messages on both dates were either pre-recorded or P&B's employee followed the same script for both calls.

17. Plaintiff received a third phone call from P&B on May 27, 2016, at 8:07 AM.

18. The call on May 27, 2016 also went to Plaintiff's voicemail.

19. P&B's employee left another voicemail message for Plaintiff. The message was also from "Robert Powers" and followed the same script as the previous two calls.

20. As of June 23, 2016, Plaintiff has not received any written communications from P&B.

21. The FDCPA requires debt collectors to provide a written notice containing certain specified information to consumers within five days of the initial contact with the consumer:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

22. Upon information and belief, P&B never sent a written communication containing a debt validation notice pursuant to 15 U.S.C. § 1692g(a).

23. Plaintiff reviews her mail personally every day. She does not dispose of collection letters, but brings them to her attorneys.

24. Moreover, Plaintiff has been involved in several other billing and collection disputes since at least January 2016. As a result, she is careful not to dispose of any mail that could be relevant to those disputes.

25. If P&B had mailed a collection letter to Plaintiff, she would have received it and brought it to her attorneys.

26. Plaintiff has not moved or changed residences in the last two years.

27. Plaintiff does not have an alternate address, such as a PO Box or business address.

28. There is no requirement that a consumer make a showing of materiality for a debt collector's failure to comply with 15 U.S.C. § 1692g(a). *Janetos v. Fulton Friedman & Gullace, LLP*, __ F.3d__, 2016 U.S. App. LEXIS 6361 *14-18 (7th Cir. Ill. Apr. 7, 2016).

29. For the purposes of Plaintiff's claims under 15 U.S.C. § 1692e, P&B's misrepresentation is a material false statement.

30. The debt validation notice informs consumers of their rights under 15 U.S.C. § 1692g(b), which states:

> (b) Disputed debts
>
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the

4

consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

31. Failing to provide the validation notice interferes with the 30-day period in which the consumer has the right to temporarily stop collection activities. *See* 15 U.S.C. § 1692g(b).

32. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

## COUNT I – FDCPA

34. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

35. P&B first contacted Plaintiff by telephone on May 2, 2016.

36. P&B contacted Plaintiff by telephone again on May 17, 2016 and May 27, 2016.

37. P&B never provided a written debt validation notice to Plaintiff.

38. P&B's conduct is misleading and confusing to the unsophisticated consumer, in that the notice of Plaintiff's debt validation rights was never provided. 15 U.S.C. § 1692g(a).

39. The Defendant has therefore violated 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a) and 1692g(b).

## CLASS ALLEGATIONS

40. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who received a telephone call from P&B Capital Group, LLC, (c) seeking to collect a debt for personal, family or household purposes, (d) on or after June 24, 2015, (e) and to whom P&B did not send a written communication (f) containing the 15

5

U.S.C. § 1692g(a) debt validation notice, (g) within five days of the initial telephone communication.

41. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

42. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e, 1692e(10), 1692g, and 1692g(a)(2).

43. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

44. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

45. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

46. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: June 24, 2016

                                        **ADEMI & O'REILLY, LLP**

By:    s/ John D. Blythin
          Shpetim Ademi (SBN 1026973)
          John D. Blythin (SBN 1046105)
          Mark A. Eldridge (SBN 1089944)
          3620 East Layton Avenue
          Cudahy, WI 53110
          (414) 482-8000
          (414) 482-8001 (fax)
          sademi@ademilaw.com
          jblythin@ademilaw.com
          meldridge@ademilaw.com

7

Case 2:16-cv-00803-JPS   Filed 06/24/16   Page 7 of 7   Document 1